RECEIVED
IN MONROE, LA
DEC 2 9 2006
Ac
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MARY LOUISE SPENCER BENSON, ET AL. | CIVIL ACTION NO. 06-1519 |
| VERSUS | JUDGE ROBERT G. JAMES |
| POLICE JURY OF UNION PARISH, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion for New Trial filed by Plaintiffs on December 10, 2006 [Doc. No. 49]. Plaintiffs also filed a Memorandum of Authorities in Support of Motion for New Trial [Doc. No. 50].

On November 30, 2006, the Court issued a ruling ("Ruling") [Doc. No. 44] granting Defendants Union Parish Detention Center's and Coregis Insurance Company's Motions for Summary Judgment [Doc. Nos. 10, 14, 33 and 41] and dismissing Plaintiffs' negligence claim under state law and their deliberate indifference claim under the Eighth Amendment.

On December 19, 2006, Union Parish Detention Center filed an Opposition to Plaintiffs' Motion for New Trial [Doc. No. 52] arguing that Plaintiffs have not offered additional evidence or legal support to merit altering or amending the Court's prior Ruling.

For the following reasons, Plaintiffs' Motion for New Trial is DENIED.

I.      STANDARD OF REVIEW

Plaintiffs' Motion for New Trial is akin to a motion to alter or amend judgment. The Court may alter or amend a judgment within ten days upon motion by a party under Federal Rule

1

of Civil Procedure 59(e). Fed. R. Civ. P. 59(e). The Court finds that Plaintiffs' motion was served within ten days of the Court's Ruling of November 30, 2006. Accordingly, this motion is governed by Rule 59(e).

The Court has discretion in deciding whether to reopen a case in response to a motion to alter or amend judgment, but must balance the need for the litigation to close and the need to render just decisions based on the facts. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). Accordingly, a motion seeking review of a grant of summary judgment seeks "an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

Under Rule 59(e), the Court is guided by the following factors: (1) whether the judgment was based upon a manifest error of fact or law, (2) the existence of newly discovered or previously unavailable evidence, or (3) an intervening change in controlling law. *See* 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 (2d ed. 1995).

## II. ANALYSIS

Plaintiffs claim that the Ruling did not consider all of their evidence and failed to address their legal claims.[1]

Plaintiffs have cited evidence they contend establishes that the Decedent could not

---

[1] Plaintiffs also claim that the Ruling made several factual errors. However, Plaintiffs did not dispute these facts in their Statement of Material Facts or Opposition and have not provided any contradictory evidence.

2

properly care for himself, particularly, the discharge summary [Doc. No. 49, p. 7] and Defendants' answer to Interrogatory No. 21.[2]

Although the evidence was available to Plaintiffs when they filed their opposition, they did not cite it. The Court has already considered over four-hundred pages of deposition testimony and is not required to sift through the record in search of evidence to support Plaintiffs' claims. *See, e.g., Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Whether UPDC was aware of Decedent's inability to care for himself is relevant to Plaintiffs' negligence claim; however, this additional evidence still fails to establish causation. The Court assumed for purposes of summary judgment that UPDC was on notice of the Decedent's physical distress and inability to care for himself (based on other evidence) and still found that Plaintiffs failed to establish a causal link between inadequate care and a pulmonary embolism. Therefore, this error, if any, is not dispositive of causation.

Plaintiffs also allege that the Court failed to address their claims. Plaintiffs have offered two additional claims: (1) that Defendants were negligent in taking the Decedent into custody because they knew, or should have known, that their employees could not adequately care for a person suffering from a mental illness; and (2) that Defendants may have improperly committed the Decedent or otherwise violated his due process rights.

---

[2]Plaintiffs did not attach Defendants' answer to Interrogatory No. 21.

Plaintiffs also claim that the Court failed to consider Defendants' answer to an interrogatory stating that "the signature of 'Cardell Benson' was signed by 'SGT. ROBERT BOYD, SECURITY GUARD' on April 2, 2000." Plaintiffs have not provided this interrogatory in support of their motion, nor argued how this item is relevant.

Plaintiffs were given ample opportunity to raise all plausible theories of liability when they filed their initial opposition in state court (and for the first time raised their Eighth Amendment deliberate indifference claim) and when they re-urged their opposition in this Court. Both claims are untimely. Moreover, the Court briefly addressed and disposed of Plaintiffs' additional negligence claim in the Ruling. [Doc. No. 44, p. 6, n.8].

## III. CONCLUSION

Having carefully considered and rejected the arguments presented by Plaintiffs, and failing to find any manifest errors of fact or law, Plaintiffs' Motion for New Trial is DENIED.

MONROE, LOUISIANA, this 28 day of December, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE